**FILED**

MAR 1 8 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**In the United States District Court
for the District of Columba**

| | |
|---|---|
| Christela Saint Jean<br>1003 Merrimac Drive.<br>Silver Spring, Maryland. 20903<br>    Plaintiff,<br><br>    vs.<br>Hilton Worldwide Inc.<br>7930 Jones Branch Drive<br>McLean, VA 22102<br>    Defendant | )<br>)  Case No.:<br>)<br>)  **Civil Complaint for Discrimination, Hostile**<br>)  **Work Environment and Retaliation as**<br>)  **Under the DCHRA, Title VII & Section**<br>)  **1981.**<br>)<br>)    Case: 1:16-cv-00520<br>)    Assigned To : Leon, Richard J.<br>)    Assign. Date : 3/18/2016<br>)    Description: Employ. Discrim. |

## Introduction

Pursuant to Federal Rules of Procedure 3 and 8, and the plausibility standards as articulated under *Iqbal*[1] and *Twombyl*[2] plaintiff Christela Saint Jean (Christela) by and through her undersigned counsel Dhali PLLC file this instant complaint for discrimination, a hostile work environment and retaliation as under the D.C. Human Rights Act, Title VII and Section 1981 against the defendant employer Hilton Woldwide Holdings Incorporated (Hilton).

Christela is a Black female from Haiti. She is heterosexual. She was employed as a housekeeper for the Washington Hilton Hotel located at 1919 Connecticut Avenue, NW. Washington D.C. She was employed from June 28, 2010 to November 22, 2013. For the first two years of her employment she was never harassed about her gender or sexual orientation. She

---

[1] *Ashcroft v. Iqbal*, 556 U.S 662 (2009)

[2] *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007); *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014) ("Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e).")

was also never grouped or touched at work. Upon information and belief she was also deemed a model employee for the years 2010-2012 by Hilton hotel and her supervisors.

On January 13, 2013, sometime around the middle of the day, while Christela was placing linen in the closet, her co-worker Rosa Acosta (a female from the Dominican Republic) grabbed both of Christela's breasts and squeezed them. Christela immediately said, "Don't do it! I don't like it!" The touching and grouping continued, whereby Acosta would squeeze and pinch her breasts and also place her hands down Christela's vaginal area. Every time Christela was assaulted at work, Christela would tell Acosta, "Stop it! I do not like it! And I don't like women! I like men!" The unlawful harassment or touching continued about twice a week or from January 2013-June 2013.

As the Director of Housekeeping Ms. Delsi Castillo was also from the Dominican Republic, Christela did not report this behavior for fear of retaliation and termination by Hilton hotel. She was also embarrassed that she was being assaulted at work by a fellow female colleague. In May 2013, Christela did however discuss her assault and grouping with her work colleagues and other housekeepers Ms. Daeb Mohammed and Ms. Cherly Martin. Ms. Martin advised Christela to discuss this with Human Resources (HR).

On June 7, 2013, Acosta assaulted Christela again by grabbing her and kissing her on the mouth. Christlea angrily asked, "Why do you keep doing this? I do not like you! I am not into women! I like men!" Acosta says, "Christie it is because I love you!" Christela angrily replies, "Why do you love me? I do not love you! Stop touching me!" Christela reports this behavior to her work colleague Ms. Mohammed and that Acosta just kissed her. At this time, Acosta walks over to Christela and again in the presence of Ms. Mohamed grabs Christela's breasts. She

shrieks. Ms. Mohamed tells Christela, "Before I thought you were making this up. Now I believe you! You need to report this."

On this same day, Chrsitela then engages in protected activity by reporting the assault, unlawful harassment and touching to Ms. Patricia Buckler, Manager of HR. Ms. Buckler informs her that she should have reported this behavior earlier to her supervisor Ms. Castillo. Christela says that she was afraid to report this behavior to Ms. Castillo for fear of retaliation and termination. She also informed Ms. Buckler that she was embarrassed that she was being assaulted.

On June 10, 2013, the housekeepers had a staff meeting. Present at this meeting were her immediate supervisor Ms. Castillo. Sometime in the middle of this meeting, Christela informs the housekeeping staff that she does not like women and that she does not like being touched and grouped by other women. Ms. Castillo ignores the comment and continues the meeting.

Soonafter this meeting or after June 10, 2013, other house keepers began to ignore Christela and would also address her by calling her a "Bitch." She would also notice that the stacks of unkept or unfolded linen increased relative to her usual work load.

Upon information and belief, Hilton hotel during this time also informed their housekeeping staff (either verbally or in writing) to not touch other members of the staff.

On July 7, 2013, a female housekeeper Josephine (last name unknown) called Christela a "Bitch" a lesbian and that Christela had an "old men's (or old husband's) penis."

On July 12, 2013, she also filed her claim for sex discrimination, national origin discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC). Sometime after her protected activity, Hilton hotel for reasons unknown also suspended Christela for 2-3 days without pay, decreased her work, and reduced her hours. She was

terminated soonafter or November 22, 2013 by the Director of Housekeeping Mr. Weskley Clark, because she had complained about a hotel guest calling her a bitch and making sexual gestures to her.

## Part I. Parties

1. Christela St Jean was employed as a housekeeper with the Defendant's from 2010-November 2013. She was an employee under D.C. Code § 2-1401.02 (9) and 42 U.S.C. § 2000e *et seq.*

2. The Defendant is a global hotel and hospitality chain with more than 1000 employees worldwide. They were also the employer of the Plaintiff Christela. They are an employer under D.C. Code § 2-1401.02 (9) and 42 U.S.C. § 2000e *et seq.*

## Part II. Jurisdiction & Venue

1. This court has jurisdiction over this matter under D.C. Code Ann. § 11-921, and 42 U.S.C § 2000e *et seq,* in order to protect rights guaranteed by 42 U.S.C §1981 and Title VII.

2. This Court has personal jurisdiction over the Defendant's pursuant to D.C. Code Ann § 13-422/13-423.

3. Venue is proper in Washington D.C., because the Plaintiff was employed in the District of Columbia by the Defendant, and also all the allegations of discrimination, hostile work environment and retaliation also occurred within the District.

## Part III. Exhaustion of Administrative Remedies

4. The Plaintiff filed three administrative complaints with the EEOC charge numbers: 570-2013-01674; 570-2014-00130 & 570-2014-00297 alleging sex and national origin discrimination and retaliation.

5. On April 7, 2015, the EEOC mailed the Right to Sue for all the aforementioned charges. It was received by the Plaintiff on Monday April 13, 2015.

6. A timely action as under Title VII and the DCHRA was filed in the Superior Court of Washington D.C on Thursday July 10, 2015.

7. On September 14, 2015, the Clerk of the D.C Superior Court dismissed the action for failure to file a certificate of service under local court rule 4(m)

8. On October 2, 2015, Defendant's moved the action to this Court [Dkt No. 1; Notice of Removal]

9. On November 9, 2015, we file a motion to reinstate the complaint at the D.C Superior Court, after obtaining consent of the Defendant's.

10. On November 11, 2015, the D.C. Superior Court denied the Motion to reinstate the complaint.

11. There are no administrative exhaustion requirements as under Section 1981.

12. The Plaintiff has no further administrative obligations.

**Part IV. Causes of Action.**

**<u>COUNT I. SEX DISCRIMINATION</u>**

13. Plaintiff alleges and incorporates all the above paragraphs.

14. Title VII prohibits discrimination on the basis of sex and national origin.

15. Defendant discriminated against the Plaintiff on the basis of sex and national origin in violation of Title VII by denying the Plaintiff equal terms and conditions of employment and/or by terminating her.

16. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past

and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of her job, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by her wrongful termination and resultant financial hardship.

17. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

## COUNT II. HOSTILE WORK ENVIRONMENT & HARASSMENT AS UNDER TITLE VII

18. Plaintiff alleges and incorporates all the paragraphs above.

19. Defendant created a hostile work environment and/or harassed Plaintiff because of her sex; the offending conduct was unwelcome, was based on her gender, sex, and/or sexual preference was sufficiently severe or pervasive when it altered the conditions of her employment and created an abusive work environment and was imputable to her employer.

20. The affirmative defense of *Faragher*[3] and *Ellerth*[4] allows an employer to avoid strict liability for a co-workers harassment of an employee if no tangible employment action was taken against the employee. Examples of tangible employment action include

---

[3] *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)

[4] *Burlington Indus., Inc., v. Ellerth*, 524 U.S. 742 (1998)

"discharge, demotion, or undesirable reassignment." *Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 266 (4th Cir.2001).

21. Plaintiff here suffered tangible employment actions when she was unable to perform her job because of the harassment, when she was suspended and/or when she was subsequently terminated on November 23, 2013. As a result, "vicarious liability is absolute." *Mikels v. City of Durhum*, 183 F.3d. 323, 332 (4th Cir. 1999).

22. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of her job, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by her wrongful termination and resultant financial hardship.

23. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

## COUNT III. RETALIATION AS UNDER TITLE VII

24. Plaintiff alleges and incorporates all the above paragraphs.

25. Plaintiff engaged in protected activity and opposition to practices made unlawful under Title VII while employed by Defendant.

26. As a result of her protected activity and opposition to practices made unlawful under Title VII, Plaintiff was subjected to an adverse employment action, upto and including suspension and termination.

27. A casual connection exists between Plaintiff's protected activity and the adverse employment actions taken by Defendant.

28. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of her job, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by her wrongful termination and resultant financial hardship.

29. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

## COUNT IV. DISCRIMINATION AS UNDER § 1981

30. Plaintiff alleges and incorporates all the paragraphs above.

31. Defendant FPI intentionally discriminated against Plaintiff on account of her race, Black in violation of 42 U.S.C. § 1981 by denying her equal terms and conditions of employment and/or by terminating her.

32. Plaintiff's discrimination was not experienced by other non-Black employees of the Defendant.

33. Defendant's intentionally interfered with Plaintiffs contract of employment because of their discriminatory animus towards her race. Defendants acted in a willful and wanton manner and in callous disregard for the federally-protected rights of the Plaintiff.

34. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of her job, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by her wrongful termination and resultant financial hardship.

35. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

### COUNT V. SEX DISCRIMINATION AS UNDER THE DCHRA

36. Plaintiff re-alleges and incorporates by reference al the allegations above.

37. At all present times Defendant was an employer subject to the provisions of the D.C. Human Rights Act § 2-1401 *et seq* (DCHRA), of the District of Columbia Code.

38. At all pertinent times, Plaintiff was entitled to protection under the D.C. Human Rights Act.

39. The DCHRA prohibits discrimination in employment "for any reason other than individual merit" including without limitation "sexual orientation" and/or "sex."

40. Defendant's intentionally interfered with Plaintiff's contract of employment because of their discriminatory animus towards her sex and/or sexual orientation, female heterosexual, when they frequently referred to her or verbally abused her by calling her a "Bitch" or "Lesbian" and/or assaulting her because of her sexual orientation. Defendant's acted in a willful and wanton manner and in callous disregard of the Plaintiff's rights as under the DCHRA.

41. Defendant's action gives rise to an inference of discrimination because the Defendant knew or should have known of the sex and/or sexual orientation discrimination that Plaintiff suffered. Defendant's conduct has been intentional, deliberate, willful and in callous disregard of Plaintiff's rights.

42. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of his job, the damage to his professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and

the stress and anxiety caused by his wrongful termination and resultant financial hardship.

43. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

## COUNT VI. HOSTILE WORK ENVIRONMENT BASED ON SEX & SEXUAL ORIENTATION

44. Plaintiff alleges and incorporates all the paragraphs above.

45. Defendant created a hostile work environment and/or harassed the Plaintiff because of her sex and/or sexual orientation by frequently assaulting her, touching and grouping her and by calling her a Bitch and/or Lesbian. The offending conduct was unwelcome, was based on her sex and/or sexual orientation, was sufficiently server or pervasive when it altered the conditions of her employment and created an abusive work environment and was imputable to the Defendant employer.

46. The affirmative defense of *Faragher*[5] and *Ellerth*[6] allows an employer to avoid strict liability for a co-workers harassment of an employee if no tangible employment action was taken against the employee. Examples of tangible employment action include "discharge, demotion, or undesirable reassignment." *Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 266 (4th Cir.2001).

47. Plaintiff here suffered tangible employment actions from when she was unable to perform her job because of the harassment, suspended, and/or when she was subsequently terminated on November 2013. As a result, "vicarious liability is absolute." *Mikels v. City of Durhum*, 183 F.3d. 323, 332 (4th Cir. 1999).

---

[5] *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)
[6] *Burlington Indus., Inc., v. Ellerth*, 524 U.S. 742 (1998)

48. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of her job, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by her wrongful termination and resultant financial hardship.

49. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.


## COUNT VII. RETALIATION AS UNDER DCHRA

50. Plaintiff alleges and incorporates all the above paragraphs.

51. Plaintiff engaged in protected activity and opposition to practices made unlawful under the DCHRA while employed by Defendant.

52. As a result of her protected activity and opposition to practices made unlawful under DCHRA, Plaintiff was subjected to an adverse employment action, upto and includ suspension and/or termination.

53. A casual connection exists between Plaintiff's protected activity and the adverse employment actions taken by Defendant.

54. As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of substantial past and future salary and income, benefits and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the loss of his job, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by her wrongful termination and resultant financial hardship.

55. As a consequence of Defendant's action, it is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

## VI. RELIEF SOUGHT

WHEREFORE, Plaintiff Christela St. Jean prays as follows:

   a. That this Court enters judgment against the Defendant Hilton.

   b. That the Court award Plaintiff damages in the amount equal to all of he accumulated lost wages, back and front pay including punitive or liqu damages, emotional damages, plus pre-judgment and post judgment and any other damages permitted in an amount no less than one m dollars ($1,000,000.00)

   c. That the Court also award Plaintiff payment of all fees, costs a⸢ inclusive of attorney's fees, expert fees, and court costs for b⸢ instant action.

## Part VI: JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: 3/2/2016

Respectfully Submitted,

/s/Arinderjit (AJ) Dhali.
D.C Bar No. 495909
Dhali PLLC
1629 K. Street. NW. Suite 300.
Washington D.C. 20001
Telephone: (202) 556-1285
Fascimile: (202) 351-0518
Email: ajdhali@dhalilaw.com

*Attorney for Plaintiff Christela St. Jean*